FILED

02/22/2017

Clerk of the
Appellate Courts


# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 5, 2017

## STATE OF TENNESSEE v. MIKO BURL

### Appeal from the Criminal Court for Shelby County
#### No. 99-01973      Glenn Ivy Wright, Judge

_____

### No. W2016-00670-CCA-R3-CD

_____

The Petitioner, Miko Burl, appeals the trial court's denial of his motion for the correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Following review of the record and applicable law, we affirm the judgment of the trial court in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Eric Mogy, Memphis, Tennessee, for the appellant, Miko Burl.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Austin Scofield, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Following a jury trial, the Petitioner was convicted of aggravated assault with the use of a deadly weapon, especially aggravated robbery accomplished with a deadly weapon, and aggravated burglary. T.C.A. §§ 39-13-102(a)(1)(B) (1997), 39-13-403(a)(1), 39-14-402(a)(3), 39-14-403(a). The trial court sentenced the Petitioner as a Range I offender to twenty-five years for the especially aggravated robbery conviction, four years for the aggravated assault conviction, and four years for the aggravated burglary conviction, all to be served concurrently. On direct appeal, this court reversed the Petitioner's aggravated assault conviction but affirmed his other convictions. *State v.*

*Miko T. Burl*, No. W2000-02074-CCA-R3-CD, 2002 WL 1483207, at *5 (Tenn. Crim. App. Jan. 28, 2002). The Petitioner filed a Rule 36.1 motion, asserting that his sentences are illegal because the trial court erroneously applied enhancement factors. The trial court granted the Petitioner a hearing on the motion but denied the Petitioner's motion, finding that his sentences were properly imposed in accordance with the sentencing guidelines.

On appeal, the Petitioner contends that he is entitled to relief based on the trial court's erroneous application of enhancement factors at the sentencing hearing. Rule 36.1 of Tennessee Rules of Criminal Procedure allows a petitioner to "seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). The rule defines an "illegal sentence" as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id.* Only fatal errors are capable of rendering a sentence illegal. *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011). A trial court's misapplication of enhancing and mitigating factors, however, is considered an appealable error that can only be "addressed on direct appeal and *not* in a post-conviction or habeas corpus proceeding." *Id.* at 451; *State v. Wooden*, 478 S.W.3d 585, 595-96 (Tenn. 2015). "'[A]ttacks on the correctness of the methodology by which a trial court imposed [a] sentence' will not rise to the level of an illegal sentence." *State v. Joseph B. Thompson*, No. E2015-01963-CCA-R3-CD, 2016 WL 2770178, at *1 (Tenn. Crim. App. May 10, 2016) (quoting *Wooden*, 478 S.W.3d at 595).

The sentencing ranges that applied to the Petitioner's convictions as a Range I standard offender were fifteen to twenty-five years for his especially aggravated robbery conviction and three to six years at thirty percent for his aggravated burglary conviction. *See* T.C.A. §§ 39-13-403(b); 39-14-403(b); 40-35-112, 40-35-501. The trial court sentenced the Petitioner to twenty-five years at one-hundred percent for the especially aggravated robbery conviction and four years for the aggravated burglary conviction, to be served concurrently. Thus, the trial court sentenced the Petitioner within the appropriate ranges. Accordingly, we hold that the trial court properly denied the Petitioner's Rule 36.1 motion.

When an opinion would have no precedential value, this court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE